```
 1                  UNITED STATES OF AMERICA
                  UNITED STATES DISTRICT COURT
 2                SOUTHERN DISTRICT OF CALIFORNIA

 3
                             - - -
 4               HONORABLE WILLIAM V. GALLO
          UNITED STATES MAGISTRATE JUDGE PRESIDING
 5                           - - -

 6   UNITED STATES OF AMERICA,  )
                                )
 7          PLAINTIFF,           )
                                )
 8   VS.                        ) NO.10CR1372W
                                )
 9   JONATHAN LEAL-DEL CARMEN,  )
                                )
10          DEFENDANT.           )
     _____)
11

12
                         MOTION HEARING
13
              REPORTER'S TRANSCRIPT OF PROCEEDINGS
14                        MAY 11, 2010
                       SAN DIEGO, CALIFORNIA
15

16

17        MELISSA A. PIERSON, CSR 12499, RPR
             FEDERAL OFFICIAL COURT REPORTER
18              940 FRONT STREET, ROOM 3155
              SAN DIEGO, CALIFORNIA 92101
19                PH:   (619)702-7508
                PIERSON1121@SBCGLOBAL.NET
20

21

22

23

24

25
```

```
 1    APPEARANCES OF COUNSEL:

 2    ON BEHALF OF PLAINTIFF:
              LAURA DUFFY
 3            UNITED STATES ATTORNEY
              BY:  MR. STEVE MILLER, ESQ.
 4            ASSISTANT UNITED STATES ATTORNEYS
              880 FRONT STREET
 5            FIFTH FLOOR
              SAN DIEGO, CA 92101
 6

 7    ON BEHALF OF DEFENDANT DEL CARMEN:
              FEDERAL DEFENDERS OF SAN DIEGO
 8            BY:  MR. PAUL BARR, ESQ.
              C/O:  MR. HANNI FAKHOURY, ESQ.
 9            225 W. BROADWAY
              ST. 900
10            SAN DIEGO, CA 92101
              (619) 234-8467
11
      ON BEHALF OF DEFENDANT GOMEZ:
12            MR. ROBERT CARRIEDO, ESQ.
              105 W. "F" STREET
13            ST. 300
              SAN DIEGO, CA 92101
14            (619) 232-0900

15    ON BEHALF OF MATERIAL WITNESSES:
              MR. THOMAS G. GILMORE, ESQ.
16            14020 LAKE POWAY ROAD
              POWAY, CA 92064
17            (858) 922-0826

18

19

20

21

22

23

24

25
```

```
 1           SAN DIEGO, CALIFORNIA; TUESDAY, MAY 11, 2010
 2                            - - -
 3              (COURT IN SESSION AT 2:00 P.M.)
 4           MADAM CLERK:  10CR1372, UNITED STATES OF AMERICA
 5   VERSUS JONATHAN LEAL-DEL CARMEN AND DOMINGO GOMEZ-AGUILAR.
 6           MR. MILLER:  STEVE MILLER FOR THE UNITED STATES.
 7           THE COURT:  GOOD AFTERNOON.
 8           MR. GILMORE:  GOOD AFTERNOON, YOUR HONOR, TOM
 9   GILMORE ON BEHALF OF THE MATERIAL WITNESSES AND MOVING PARTY.
10           MR. BARR:  GOOD AFTERNOON, PAUL BARR, FEDERAL
11   DEFENDERS, ON BEHALF OF MY COLLEAGUE, HANNI FAKHOURY, FOR MR.
12   LEAL-DEL CARMEN.
13           MR. CARRIEDO:  GOOD AFTERNOON, YOUR HONOR, ROBERT
14   CARRIEDO ON BEHALF OF MR. GOMEZ.  MR. GOMEZ IS PRESENT BEFORE
15   THE COURT IN CUSTODY.
16           THE COURT:  GOOD AFTERNOON.  MR. GILMORE.
17           MR. GILMORE:  THANK YOU, YOUR HONOR.  THIS IS A
18   STANDARD MAT WIT ORDER WHICH CONTROLLING LAW IN THE CASE,
19   WHICH IS DIRECTLY ON POINT TO THIS CASE MANDATES THAT MY
20   CLIENTS MUST BE SENT BACK AFTER THEIR DEPOSITION HAS BEEN
21   TAKEN TO PRESERVE THEIR TESTIMONY FOR THE BENEFIT OF ALL
22   PARTIES.  I'VE SUBMITTED MY POINTS AND AUTHORITIES, BUT I
23   ASSUME YOUR HONOR IS AWARE OF THE **TORRES-RUIZ** CASE, WHICH IS
24   THE NINTH CIRCUIT LAW THAT IS BINDING IN THIS TYPE OF CASE.
25           I SHOULD ALSO MENTION THAT JUST TODAY THE BOND
```

1  APPLICATION I FINALLY GOT BACK FROM ONE SURETY, WHICH I'LL
2  SUBMIT TODAY.  AND IT LOOKS LIKE A GOOD SURETY, WHICH WOULD
3  EVEN INCREASE THE REASONS TO AT LEAST RELEASE THE OTHER TWO.
4  THE DEFENSE AND PROSECUTION WOULD HAVE A LIVE WITNESS, IF
5  NECESSARY, IN THE FUTURE.  I WILL SUBMIT ON THE PLEADINGS,
6  YOUR HONOR.
7           THE COURT:  ALL RIGHT.  LET ME BACK UP JUST A
8  MOMENT.  MR. LEAL-DEL CARMEN, SIR, YOUR ATTORNEY, MR.
9  FAKHOURY, IS UNABLE TO BE PRESENT, AND I SHOULD HAVE ASKED
10 YOU THIS AT THE OUTSET.  MR. BARR IS ONE OF HIS COLLEAGUES,
11 THERE AT THE EDGE OF THE TABLE, HAS SPECIALLY AGREED TO
12 APPEAR IN HIS BEHALF FOR THE PURPOSES OF REPRESENTING YOU
13 WITH RESPECT TO THIS MOTION TO TAKE THE DEPOSITION OF SOME
14 MATERIAL WITNESSES.  WE WON'T GO ANY FURTHER, SIR, UNLESS YOU
15 CONSENT AND AGREE TO MR. BARR'S REPRESENTATION HERE THIS
16 AFTERNOON IN PLACE OF MR. FAKHOURY, AND ONLY FOR THE PURPOSES
17 OF TODAY'S HEARING.  DO YOU CONSENT AND AGREE TO MR. BARR
18 STANDING IN FOR MR. FAKHOURY AT THIS TIME?
19          DEFT. LEAL-DEL CARMEN:  YES.
20          THE COURT:  OKAY.  WITH THAT OUT OF THE WAY,
21 MR. BARR, YOUR RESPONSE.  I HAVE READ MR. FAKHOURY'S WRITTEN
22 RESPONSE.
23          MR. BARR:  YES, YOUR HONOR, I THINK I WILL
24 ESSENTIALLY REST ON THE PAPERS SUBMITTED BY MR. FAKHOURY.
25 ESSENTIALLY, THE ARGUMENT IS MR. LEAL-DEL CARMEN'S SIXTH

1   AMENDMENT RIGHTS IN THIS PARTICULAR INSTANCE OUTWEIGH THE
2   PARTICULAR CONCERNS OF THE MATERIAL WITNESSES, THAT THERE HAS
3   BEEN NO SHOWING OF EXCEPTIONAL NEED FOR THESE INDIVIDUALS OR
4   THIS INDIVIDUAL TO BE RETURNED TO MEXICO ABSENT SOME
5   INABILITY TO GET OUT ON BOND, OR ON THE OTHER HAND, TO REMAIN
6   IN CUSTODY DURING THE PENDENCY OF THIS MATTER.
7           THE COURT:  UNDERSTAND.  OKAY.  MR. CARRIEDO, DO
8   YOU JOIN IN THIS MOTION?
9           MR. CARRIEDO:  ANY OBJECTION FROM MR. FAKHOURY --
10          THE COURT:  YES, THAT'S WHAT I MEANT, DO YOU JOIN
11  IN THE OBJECTION?
12          MR. CARRIEDO:  YES.  I WOULD LIKE TO ADD, YOUR
13  HONOR, WE HAVE BEEN UNABLE TO INTERVIEW THE MATERIAL
14  WITNESSES AT ALL.  THOUGH THERE HAS BEEN A REQUEST EARLY ON.
15          THE COURT:  WHAT'S THE HOLD UP?  WHAT'S THE HURDLE,
16  DO YOU KNOW?
17          MR. CARRIEDO:  I BELIEVE THAT MR. GILMORE HAS
18  INDICATED THAT HE WANTED TO WAIT UNTIL THE CLIENTS WERE
19  RELEASED ON BOND BEFORE WE WOULD BE ABLE TO INTERVIEW THEM.
20  I BELIEVE THAT WAS WHAT I WAS INFORMED EARLY ON.  AND I
21  BELIEVE NONE OF THEM HAVE BEEN RELEASED, SO THAT'S --
22          THE COURT:  SO IN THE CLASSIC KIND OF CATCH 22.
23          MR. CARRIEDO:  YES.  I ASSUME WITH THAT CAVEAT, I
24  BELIEVE THAT THE DEPOSITION WILL PROBABLY LAST A LITTLE
25  LONGER.

```
 1              THE COURT:  IT COULD, CERTAINLY COULD.
 2              IF I'M NOT GOING -- IF YOU CARE TO ANSWER THIS,
 3    FINE, IF YOU CARE TO DEFER, I WOULD CERTAINLY APPRECIATE IT.
 4    IF THERE WAS TO BE AN ALLOWANCE FOR AN INTERVIEW PRIOR OR AT
 5    YOUR REQUEST AND AS SOON AS POSSIBLE, WOULD YOUR POSITION
 6    WITH RESPECT TO THE DEPOSITION CHANGE AT ALL?  I KNOW IT'S A
 7    HYPOTHETICAL, AND I'M ASKING YOU TO SPECULATE, BUT KNOWING
 8    KIND OF WHAT THE MATERIAL WITNESSES WOULD SAY OR WOULDN'T
 9    SAY, WOULD YOUR POSITION CHANGE?
10              MR. CARRIEDO:  I REALLY COULDN'T ANSWER THAT
11    QUESTION --
12              THE COURT:  FAIR ENOUGH.
13              MR. CARRIEDO:  -- WITHOUT MORE.
14              THE COURT:  WITHOUT KNOWING WHAT THEY WOULD SAY.
15    RIGHT.  FAIR ENOUGH.  MR. BARR?
16              MR. BARR:  I THINK, YOUR HONOR, SIMPLY THAT IT
17    DOESN'T ADDRESS THE PRIMARY CONCERN WHICH IS THE SIXTH
18    AMENDMENT.
19              THE COURT:  CONFIDENTIAL, I UNDERSTAND.
20    MR. MILLER.
21              MR. GILMORE:  YES, YOUR HONOR, AS FAR AS COUNSEL
22    ARGUING ABOUT SIXTH AMENDMENT, HE'S ABSOLUTELY CORRECT THEY
23    HAVE THAT RIGHT.  THESE CASES ARE CONTROLLING, HAVE DECIDED
24    THAT IN THIS SITUATION THE BALANCING OF RIGHTS FAVORS THE
25    MATERIAL WITNESS IN THIS CASE.
```

```
 1              AS FAR AS THE INTERVIEWING, UNFORTUNATELY WHAT HAS
 2   HAPPENED, IT HAS BEEN MY UNFORTUNATE EXPERIENCE THAT WHEN I
 3   ALLOW THE INTERVIEWS OF MY CLIENTS WHO ARE NOT OBLIGATED TO
 4   BE INTERVIEWED BY ANYONE --
 5              THE COURT:  SURE.
 6              MR. GILMORE:  -- BUT WHEN I ALLOW IT, AND THEN WE
 7   HAVE A DEPOSITION, AND THEN THERE IS AN OBJECTION TO THEIR
 8   RELEASE AFTER THE DEPOSITION, THE REASON GIVEN IS THAT MY
 9   CLIENTS TESTIFIED DIFFERENTLY IN A DEPOSITION THAN THEY
10   TESTIFIED TO AN INVESTIGATOR DURING AN INTERVIEW.  AND BY
11   COOPERATING WITH THE DEFENSE, WHICH THEY USUALLY LIKE TO DO,
12   I HAVE OCCASIONALLY HAD MAGISTRATE'S REFUSE TO RELEASE THE
13   WITNESSES BECAUSE OF THAT COOPERATION.  THEREFORE, I CAN'T DO
14   IT, IN GOOD CONSCIOUS AND GOOD PRACTICE, TO MY CLIENTS UNTIL
15   THEY ARE OUT ON BOND.  ONCE THEY ARE OUT ON BOND, I HAVE NO
16   PROBLEMS AT ALL.
17              THE COURT:  OKAY.  MR. MILLER.
18              MR. MILLER:  I WAS DOUBTFUL AND ONE OF THE MAJOR
19   CONCERNS THAT I HAD WAS THE DEFENSE ATTORNEY'S ABILITY TO
20   INTERVIEW THE MATERIAL WITNESSES, BUT NOW THAT I HEAR THE
21   EXPLANATION I CAN UNDERSTAND, ONCE BURNED-TWICE SHY.
22              THERE IS THREE OTHER THINGS THAT I WOULD LIKE TO
23   CALL TO THIS COURT'S ATTENTION IN CONNECTION WITH THIS
24   HEARING.  THIS IS NOT A CUSTOMARY BORDER BUST TYPE OF CASE
25   WHERE DEFENDANT IS CAUGHT DRIVING A CAR, AND WHERE THE
```

1   EVIDENCE IS AS EASY AS THAT.  THIS IS A MATERIAL WITNESS
2   IDENTIFYING THE DEFENDANTS AS THE FOOT GUIDES.  SO, IT'S A
3   LITTLE MORE COMPLICATED THAN THE CUSTOMARY CASE.
4           MY ADDITIONAL REQUEST IS IF ONE OF THE MATERIAL
5   WITNESSES IS RELEASED ON BOND, I WOULD LIKE THE MAGISTRATE
6   COURT TO PERMIT US TO DEPOSE THAT PERSON AS WELL.  I'VE DONE
7   THAT IN THE PAST AND THAT'S SERVED US WELL.
8           ALSO, IF THIS COURT DOES GRANT THE MATERIAL
9   WITNESSES' REQUEST FOR DEPOSITIONS, SCHEDULING WISE, I WOULD
10  ASK THAT IT BE AT LEAST TWO WEEKS FROM NOW BECAUSE I'M GOING
11  TO BE IN TRIAL ALL NEXT WEEK.
12          THE COURT:  THAT'S MY -- IN READINGS MR. FAKHOURY'S
13  RESPONSE, I THINK I READ -- LET ME FIND IT AGAIN.  THAT THERE
14  IS CURRENTLY A SUBSTANTIVE MOTION HEARING ON JUNE THE 7TH IN
15  FRONT OF JUDGE WHELAN.
16          MR. CARRIEDO:  THAT'S CORRECT.
17          THE COURT:  OFTEN TIMES, THE OUTCOME OF MOTION
18  HEARINGS CHANGE THE POSTURE OF ONE PARTY OR THE OTHER, ONE
19  SIDE OR THE OTHER.  WHAT'S THE NATURE OF THAT MOTION HEARING?
20          MR. CARRIEDO:  MOTIONS HAVE NOT BEEN FILED AT THIS
21  MOMENT.
22          THE COURT:  THEY ARE NOT DUE YET.
23          MR. BARR:  NOT ONLY -- (INAUDIBLE).
24          THE COURT:  BUT THERE IS A HEARING DATE OF JUNE THE
25  7TH?

```
 1              MR. CARRIEDO:  YES.
 2              THE COURT:  WHICH IS SLIGHTLY LESS THAN A MONTH
 3   FROM NOW.
 4              MR. CARRIEDO:  RIGHT.  JUDGE WHELAN, WE HAD A
 5   MOTION SETTING DATE ABOUT A WEEK AGO AND HE SET THE MOTIONS
 6   FOR JUNE 7TH.
 7              THE COURT:  OKAY.  MY THOUGHTS ARE THIS, IS THAT
 8   MR. FAKHOURY HAD INDICATED RULE 15(A), RULE OF CRIMINAL
 9   PROCEDURE 15(A), PUTTING ASIDE THE **TORRES** CASE FOR A MOMENT,
10   ADDRESSING DEPOSITIONS, IT IS TRUE THAT 15(A)(1), IN GENERAL,
11   TALKS ABOUT EXCEPTIONAL CIRCUMSTANCES, HOWEVER, THERE IS A
12   15(A)(2) THAT SPECIFICALLY SPEAKS TO THE DETAINING OF THE
13   MATERIAL WITNESS DEPOSITION.  WITHIN THAT PARTICULAR
14   PARAGRAPH IT MAKES NO MENTION OF EXCEPTIONAL CIRCUMSTANCES.
15   IT SIMPLY SAYS A WITNESS WHO'S DETAINED MAY REQUEST TO BE
16   DEPOSED BY FILING -- GIVING NOTICE TO THE PARTIES.  THE COURT
17   MAY THEN ORDER THE MATERIAL WITNESS DEPOSITION BE TAKEN,
18   DISCHARGE THE WITNESS AFTER THE WITNESS HAS SIGNED, UNDER
19   OATH, THE DEPOSITION TRANSCRIPT, AND MAKES NO MENTION, AS IT
20   DOES IN THE GENERAL SECTION, WITH RESPECT TO DEPOSITIONS
21   ONLY, WHEN EXCEPTIONAL CIRCUMSTANCES APPEAR AND ARE BEING
22   QUITE EASY TO INCLUDE THAT LANGUAGE IN THAT PARTICULAR
23   SECTION RELATING TO DETAINED MATERIAL WITNESSES.  I'M
24   INCLINED TO GRANT THE MOTION, BUT NOT UNTIL -- NOT ORDER IT
25   UNTIL AFTER THE SUBSTANTIVE MOTION HEARING HAS BEEN HELD AND
```

| | |
|---|---|
| 1 | THERE HAS BEEN A RULING ON THAT SUBSTANTIVE MOTION AND TAKING |
| 2 | A STATUS AT THAT TIME.  GIVEN SOME OF MR. MILLER'S COMMENTS |
| 3 | ABOUT THIS IS NOT YOUR TYPICAL RUN-OF-THE-MILL KIND OF BORDER |
| 4 | BUST CASE, AND IT'S SLIGHTLY MORE COMPLICATED THAN OTHERS, IN |
| 5 | BALANCING THE RIGHTS AND NEEDS OF THE DEFENDANT AND THOSE OF |
| 6 | THE MATERIAL WITNESSES, I DO BELIEVE ANY SIXTH AMENDMENT |
| 7 | CONFRONTATIONAL ISSUES ARE ADEQUATELY COVERED IN THE CONFINES |
| 8 | OF THE DEPOSITION, WHICH TYPICALLY WOULD OCCUR IN THE US |
| 9 | ATTORNEY'S OFFICE.  TYPICALLY WOULD BE VIDEOTAPED.  THE |
| 10 | DEFENDANTS WOULD BE PRESENT AND HAVE THE RIGHT TO CONFRONT |
| 11 | THESE MATERIAL WITNESSES WHILE THEIR ATTORNEYS ARE |
| 12 | CROSS-EXAMINING AND WHILE THE US ATTORNEY IS EXAMINING THE |
| 13 | WITNESS AND BE ABLE TO PARTICIPATE AND ASSIST THEIR ATTORNEY |
| 14 | IN THAT EXAMINATION OF THE MATERIAL WITNESSES. |
| 15 | SO, I'M INCLINED TO GRANT THE ORDER, BUT NOT ORDER |
| 16 | THE DEPOSITION OCCUR EVEN WITHIN TWO WEEKS.  IT WOULD BE |
| 17 | SOMETIME AFTER THE JUNE 7TH SUBSTANTIVE MOTION HEARING.  AND |
| 18 | I KNOW JUDGE WHELAN VERY WELL, HE WILL WALK IN THERE, GIVE |
| 19 | HIS TENTATIVE RULING BEFORE YOU EVEN OPEN UP YOUR MOUTH, ASK |
| 20 | TO ARGUE YOUR RESPECTIVE SIDES, AND THEN AT THE END OF ALL |
| 21 | THAT HE'S GOING TO TELL YOU WHAT HIS RULING IS.  SO, YOU ARE |
| 22 | GOING TO HAVE A VERY QUICK RESOLUTION PENDING ANY MOTIONS TO |
| 23 | CONTINUE FOR WHATEVER REASON. |
| 24 | WHAT I WOULD PREFER TO DO THEN, IS PUT THIS ON FOR |
| 25 | STATUS ON JUNE 8TH, WHICH WOULD BE THE DAY AFTER.  I'M NOT |

1 HERE THAT DAY.

2 MR. GILMORE: THAT WOULD BE A GOOD DAY FOR STATUS.

3 THE COURT: I'M NOT SURE WHERE I'M GOING TO BE BUT
4 I'M NOT HERE. OKAY. WHY DON'T WE PUT IT ON FOR STATUS THEN
5 JUNE THE 10TH, THEN, WHICH THAT IS THURSDAY.

6 WHAT I'M ALSO GOING TO ASK THE PARTIES TO DO
7 BETWEEN NOW AND THEN IS COME UP WITH A MUTUALLY CONVENIENT
8 DATE AFTER JUNE THE 10TH TO CONDUCT THE DEPOSITION. SO, HAVE
9 ALL THIS PREPARED, ALL RIGHT. BECAUSE IF YOU COME IN ON JUNE
10 10TH AND I SAY YOU ARE GOING TO DO THE DEPOSITIONS, AND IT
11 MAY TAKE A WEEK OR TWO FOR THE PARTIES TO ARRANGE YOUR
12 SCHEDULES, HAVE ALL OF THOSE ARRANGEMENTS BE MADE, I WANT YOU
13 TO DO ALL THAT AND HAVE IT READY TO BE ABLE TO TELL ME WHAT
14 THAT DATE IS SUBSEQUENT TO JUNE 10TH. IF IT'S JUNE 11TH,
15 FINE. THE ORDER MAY BE ON JUNE THE 10TH, DEPENDING ON THE
16 NATURE OF -- OR DEPENDING ON WHAT HAPPENED ON JUNE 7TH, THAT,
17 NO, WE'RE NOT GOING TO DO IT JUST YET. WE'RE GOING TO DELAY
18 IT OR MAYBE CARRY ON AND DO THE DEPOSITIONS.

19 MR. CARRIEDO: WHAT TIME ON THE 10TH?

20 THE COURT: 2:00 O'CLOCK. AND THEN, MR. MILLER,
21 WITH RESPECT TO YOUR OTHER REQUEST ABOUT SHOULD THE MATERIAL
22 WITNESS BE RELEASED IN THE MEANTIME BETWEEN NOW AND JUNE 10TH
23 --

24 MR. MILLER: AND I'VE JUST SIGNED OR APPROVED THE
25 BOND TO THAT MAT WIT.

```
 1              THE COURT:  OKAY.  I THINK THAT THAT PERSON WOULD
 2   FALL WITHIN THE END OF THE ORDER TO DEPOSE THAT INDIVIDUAL --
 3   THERE IS THREE OF THEM, RIGHT?  THREE MATERIAL WITNESSES
 4   RIGHT NOW?
 5              MR. GILMORE:  THAT'S CORRECT, YOUR HONOR, JUST
 6   BONDING ON ONE.
 7              THE COURT:  NO, WE'VE GOT BONDING ON ONE.  THIS, OF
 8   COURSE, THE DEFENSE WILL HAVE UNTIL JUNE 10TH TO COME UP WITH
 9   SOME REASON OR OBJECTION TO THE DEPOSITION OF THAT RELEASE OR
10   MATERIAL WITNESSES AS THERE MAY BE MORE THAN ONE BY THEN.
11              MR. GILMORE:  AND HOPEFULLY BY JUNE 10TH, IF THAT
12   PERSON IS OUT ON BOND, WE CAN ARRANGE TO HAVE HER -- HIM
13   INTERVIEWED ALREADY BY THEN.
14              THE COURT:  OKAY.  ALL RIGHT.  IS THAT SUFFICIENTLY
15   MUDDY FOR EVERYONE TO UNDERSTAND?  DOES EVERYONE GOT THAT?
16              MR. GILMORE:  THAT'S FINE.
17              MR. BARR:  JUST TO DECLARE, IS THE COURT, AT THIS
18   TIME, RULING ON THE MOTION AND GRANTING THE MOTION?
19              THE COURT:  AS I INDICATED, MY INCLINATION IS TO
20   GRANT THE MOTION BASED UPON WHAT I SEE RIGHT NOW, BUT I WANT
21   TO KNOW WHAT HAPPENS AT THE SUBSTANTIVE HEARING BEFORE JUDGE
22   WHELAN BEFORE I GIVE -- ETCH THAT INTO GRANITE.  BUT JUST SO
23   THE PARTIES KNOW THAT I BELIEVE THE CONFRONTATIONAL ISSUES
24   ARE ADEQUATELY ADDRESSED BY A DEPOSITION.
25              I ALSO BELIEVE THAT THE RULE, RULE 15(A)(2),
```

```
 1    DOESN'T NECESSARILY REQUIRE EXCEPTIONAL -- OR DOESN'T REQUIRE
 2    EXCEPTIONAL CIRCUMSTANCES.  I'M MINDFUL OF THE TORRES-RUIZ
 3    CASE AND WHAT IT SAYS, AND THE DISTINGUISHING FACTORS IN THAT
 4    CASE COMPARED TO THIS CASE.
 5            AND MY INCLINATION IS TO GRANT THAT MOTION.  BUT
 6    WITH THE CAVEAT THAT THAT RULING MAY CHANGE DEPENDING ON WHAT
 7    JUDGE WHELAN ORDERS IN THAT MOTION HEARING.  IT MAY NOT
 8    CHANGE, BUT IT MAY.  SO, I WANT TO SEE WHAT HAPPENS THERE
 9    FIRST.
10            MR. BARR:  I UNDERSTAND, YOUR HONOR.  TO THE EXTENT
11    THAT IT'S NECESSARY, I WOULD JUST RENEW THE OBJECTION TO THE
12    DEPOSITION AT THIS TIME, UNDERSTANDING THE COURT'S RULING
13    CONTINGENT UPON WHAT HAPPENS --
14            THE COURT:  YEAH, I UNDERSTAND.  ANYTHING FURTHER?
15            MR. GILMORE:  NO, YOUR HONOR.  I WILL PROBABLY BE
16    BACK IN A FEW MINUTES TO GIVE YOU THE BOND.
17            THE COURT:  OKAY.  I'LL QUICKLY TAKE CARE OF THAT
18    AS SOON AS I GET OFF THE BENCH.  LET ME ALSO REMIND EVERYONE
19    WE'VE TALKED ABOUT IT, BUT THERE IS THAT MOTION HEARING AND
20    TRIAL SETTING ON JUNE 7TH, AT 2:00 P.M., BEFORE JUDGE WHELAN.
21            SO GENTLEMEN, YOU ARE ORDERED TO APPEAR ON THAT
22    DATE BEFORE JUDGE WHELAN, AND THEN THREE DAYS LATER, ON JUNE
23    10TH, BEFORE ME, AT 2:00 P.M., FOR FURTHER HEARINGS WITH
24    RESPECT TO THIS MOTION TO DEPOSE THE MATERIAL WITNESS.  DO
25    YOU EACH UNDERSTAND?
```

```
 1            DEFT. LEAL-DEL CARMEN:  YES.
 2            DEFT. GOMEZ:  YES.
 3            THE COURT:  OKAY.  THANK YOU.  ANYTHING FURTHER?
 4            MR. GILMORE:  NO, YOUR HONOR.
 5            THE COURT:  ALL RIGHT.  THANK YOU.
 6                    (WHICH WERE ALL THE PROCEEDINGS
 7                    HELD IN THE ABOVE-ENTITLED CAUSE.)
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
1                      CERTIFICATE OF REPORTER
2
3    COUNTY OF SAN DIEGO        )
4                               )  SS.
5    STATE OF CALIFORNIA        )
6
7    I, MELISSA A. PIERSON, OFFICIAL COURT REPORTER, REGISTERED
8    PROFESSIONAL REPORTER, IN AND FOR THE UNITED STATES DISTRICT
9    COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, DO HEREBY
10   CERTIFY THAT I REPORTED, STENOGRAPHICALLY, THE FOREGOING
11   PROCEEDINGS AT THE TIME AND PLACE HEREINBEFORE SET FORTH;
12   THAT THE SAME WAS THEREAFTER REDUCED TO TYPEWRITTEN FORM BY
13   MEANS OF COMPUTER-AIDED TRANSCRIPTION; AND I DO FURTHER
14   CERTIFY THAT THIS IS A TRUE AND CORRECT TRANSCRIPTION OF MY
15   STENOGRAPHIC NOTES.
16
17
18   DATE:  4-21-11
19
20   **S:/MELISSA A. PIERSON**
21   MELISSA A. PIERSON, CSR 12499 RPR
22   FEDERAL OFFICIAL COURT REPORTER
23
24
25
```