```
 1                    UNITED STATES OF AMERICA
                    UNITED STATES DISTRICT COURT
 2                 SOUTHERN DISTRICT OF CALIFORNIA

 3
                               - - -
 4                   HONORABLE WILLIAM V. GALLO
             UNITED STATES MAGISTRATE JUDGE PRESIDING
 5                             - - -

 6   UNITED STATES OF AMERICA,  )
                                )
 7          PLAINTIFF,           )
                                )
 8   VS.                        ) NO.10CR1372W
                                )
 9   JONATHAN LEAL-DEL CARMEN,  )
                                )
10          DEFENDANT.          )
     _____)
11

12
                         MOTION HEARING
13
             REPORTER'S TRANSCRIPT OF PROCEEDINGS
14                       JUNE 10, 2010
                     SAN DIEGO, CALIFORNIA
15

16

17        MELISSA A. PIERSON, CSR 12499, RPR
            FEDERAL OFFICIAL COURT REPORTER
18            940 FRONT STREET, ROOM 3155
             SAN DIEGO, CALIFORNIA 92101
19               PH:  (619)702-7508
               PIERSON1121@SBCGLOBAL.NET
20

21

22

23

24

25
```

```
 1    APPEARANCES OF COUNSEL:

 2    ON BEHALF OF PLAINTIFF:
              LAURA DUFFY
 3            UNITED STATES ATTORNEY
              BY:  MR. STEVE MILLER, ESQ.
 4            ASSISTANT UNITED STATES ATTORNEYS
              880 FRONT STREET
 5            FIFTH FLOOR
              SAN DIEGO, CA 92101
 6

 7    ON BEHALF OF DEFENDANT DEL CARMEN:
              FEDERAL DEFENDERS OF SAN DIEGO
 8            BY:  MR. JASON SER, ESQ.
              C/O:  MR. HANNI FAKHOURY, ESQ.
 9            225 W. BROADWAY
              ST. 900
10            SAN DIEGO, CA 92101
              (619) 234-8467
11
      ON BEHALF OF DEFENDANT GOMEZ:
12            MR. ROBERT CARRIEDO, ESQ.
              105 W. "F" STREET
13            ST. 300
              SAN DIEGO, CA 92101
14            (619) 232-0900

15    ON BEHALF OF MATERIAL WITNESSES:
              MR. THOMAS G. GILMORE, ESQ.
16            14020 LAKE POWAY ROAD
              POWAY, CA 92064
17            (858) 922-0826

18

19

20

21

22

23

24

25
```

```
 1            MADAM CLERK:  10CR1372, UNITED STATES OF AMERICA
 2   VERSUS JONATHAN LEAL-DEL CARMEN AND DOMINGO GOMEZ-AGUILAR.
 3            MS. SER:  GOOD AFTERNOON, YOUR HONOR.  JASON SER,
 4   FEDERAL DEFENDERS, STANDING IN FOR HANNI FAKHOURY, ON BEHALF
 5   OF MR. LEAL-DEL CARMEN, WHO'S IN CUSTODY.
 6            MR. CARRIEDO:  GOOD AFTERNOON, ROBERT CARRIEDO ON
 7   BEHALF OF MR. GOMEZ, WHO'S IN COURT.
 8            MR. GILMORE:  GOOD AFTERNOON, YOUR HONOR, TOM
 9   GILMORE ON BEHALF OF THE MATERIAL WITNESSES.
10            THE COURT:  GOOD AFTERNOON.  GOOD AFTERNOON,
11   GENTLEMEN.
12            THE DEFENDANTS:  GOOD AFTERNOON.
13            THE COURT:  MR. LEAL-DEL CARMEN, IS THAT YOU, SIR?
14   YOUR ATTORNEY, MR. FAKHOURY, IS NOT PRESENT IN COURT THIS
15   AFTERNOON.  STANDING IN FOR HIM IS ONE OF HIS COLLEAGUES,
16   MR. SER, WHO'S RIGHT THERE IN FRONT OF YOU.  HE'S AGREED TO
17   REPRESENT YOU FOR THESE PROCEEDINGS THAT ARE ABOUT TO OCCUR,
18   WHICH IS A MOTION HEARING FOR TAKING THE DEPOSITION OF A
19   MATERIAL WITNESS.
20            BEFORE WE PROCEED ANY FURTHER, HOWEVER, I NEED TO
21   HEAR FROM YOU WHETHER YOU ARE COMFORTABLE AND AGREE TO HAVE
22   MR. SER REPRESENT YOU FOR PURPOSES OF TODAY'S HEARING.  YOUR
23   ATTORNEY WILL STILL BE MR. FAKHOURY, BUT FOR TODAY'S HEARING
24   DO YOU AGREE, CONSENT TO ALLOWING MR. SER TO REPRESENT YOU?
25            DEFT. LEAL-DEL CARMEN:  YES, I AGREE.
```

1      THE COURT:  ALL RIGHT.  MR. GILMORE.

2      MR. GILMORE:  THANK YOU, YOUR HONOR.  YOUR HONOR,
3  WHEN WE WERE HERE BEFORE, YOUR HONOR GRANTED THE MOTION FOR A
4  DEPOSITION, BUT SET TODAY'S DATE FOR -- TO SCHEDULE THAT
5  DEPOSITION, CONTINGENT UPON WHAT WOULD HAPPEN WITH THE
6  HEARING BEFORE JUDGE WHELAN A FEW DAYS AGO.  IT'S MY
7  UNDERSTANDING THAT THAT HEARING, WHICH WAS SOLELY TO SET THE
8  TRIAL, AND I BELIEVE, MOTION TO PRESERVE EVIDENCE, HAD
9  NOTHING REALLY WHATSOEVER TO DO WITH THE DEPOSITION, HAS BEEN
10 CONTINUED A COUPLE OF DAYS, I THINK UNTIL THE 12TH, IF I'M
11 CORRECT.  SO, I THINK WE'RE IN THE POSITION OF -- THE LAW IS
12 CLEAR THAT MY CLIENTS HAVE A RIGHT TO BE DEPOSED.  THEY HAVE
13 ALREADY BEEN IN CUSTODY, I BELIEVE, SINCE MARCH 25TH.  YOUR
14 HONOR GAVE A LONG EXTENSION FROM THE LAST TIME WE BROUGHT THE
15 MOTION UNTIL TODAY.  I THINK IT'S TIME TO SCHEDULE THE DEPO
16 AS SOON AS POSSIBLE.  I WOULD SUGGEST SOMETIME NEXT WEEK,
17 PERHAPS A TUESDAY OR THURSDAY IS GOOD WITH MY CALENDAR, AND I
18 BELIEVE WITH ONE OF THE DEFENSE COUNSEL, I'M NOT SURE.

19     THE COURT:  WELL, JUNE 12TH WOULD BE A SATURDAY,
20 AND I HAVE JULY 12TH AS WHEN THEY CONTINUED THE MOTION
21 HEARING.

22     MR. GILMORE:  ALL THE MORE REASON THEN.

23     THE COURT:  MR. CARRIEDO OR MR. SER, ANY RESPONSE?

24     MR. SER:  YOUR HONOR, JUST BRIEFLY, IN OPPOSITION,
25 AND I DON'T KNOW, I BELIEVE MR. FAKHOURY FILED A RESPONSE IN

```
 1    OPPOSITION TO THE REQUEST HERE.
 2              THE COURT:  YES, HE DID.  I'VE READ IT.
 3              MR. SER:  OKAY.  ONE THING TO POINT OUT, I JUST
 4    TOOK A LOOK AT -- GLANCED AT MR. GILMORE'S DECLARATION.  I
 5    DON'T KNOW IF THAT'S SPECIFIC ENOUGH TO TRIGGER THE RIGHT OF
 6    THE DEPOSITION UNDER A NINTH CIRCUIT PRECEDENT.  IT CERTAINLY
 7    DOESN'T IDENTIFY THE LACK OF ANY ALTERNATE SOURCES OF SUPPORT
 8    OR INCOME FOR THE FAMILY MEMBERS REMAINING IN MEXICO RELATED
 9    TO THE MATERIAL WITNESS OR WITNESSES IN THE CASE.
10              SO, I DON'T NECESSARILY THINK THAT THE THRESHOLD
11    HAS BEEN MET HERE.  I UNDERSTAND THERE IS A HARDSHIP, BUT
12    THIS IS A HARDSHIP THAT THE MATERIAL WITNESS FACED WHETHER
13    THEY WERE CHARGED AS A MATERIAL WITNESS OR AS A 1326
14    DEFENDANT.  BUT JUST LOOKING AT THE DECLARATION, I DON'T KNOW
15    IF THAT'S SPECIFIC ENOUGH.  I CERTAINLY WOULD SUBMIT IT MEETS
16    THE REQUIREMENTS SET FORTH IN THE NINTH CIRCUIT PRECEDENT ON
17    THE MATTER.
18              THE COURT:  OKAY.  MR. CARRIEDO, ANYTHING FURTHER?
19              MR. CARRIEDO:  NOTHING FURTHER.
20              I WOULD ONLY POINT OUT THAT IT'S KIND OF MAYBE
21    TRIVIAL, BUT THE COURT'S WORDING WAS YOU WERE INCLINED TO
22    GRANT THE MOTION LAST TIME.  I DON'T THINK YOU OFFICIALLY
23    GRANTED THE MOTION.
24              THE COURT:  I THINK THAT'S PROBABLY WHAT I SAID,
25    BUT I SUPPOSE WE CAN GO BACK AND READ THE RECORD, BUT I
```

```
1    PROBABLY SAID I AM INCLINED TO BECAUSE I WASN'T PREPARED TO
2    RULE ON IT THAT DAY, AND I WAS JUST SORT OF TELEGRAPHING MY
3    INTENT.  BUT BE THAT AS IT MAY, WHAT I SAID THEN, YOU KNOW, I
4    THINK I STILL HAD THE PREROGATIVE TO CHANGE MY MIND IF I
5    THINK THAT'S APPROPRIATE BECAUSE WE ARE NOW AT THIS POINT IN
6    TIME.  SO, MR. MILLER, ARE YOU HERE ON THIS CASE?
7              MR. MILLER:  YES, YOUR HONOR.  STEVE MILLER FOR THE
8    UNITED STATES.  I WOULD SUBMIT TO THE COURT WHETHER TO
9    SCHEDULE THE DEPOSITIONS AS WE DISCUSSED AT THE LAST HEARING,
10   THIS IS A LITTLE DIFFERENT THAN THE TRADITIONAL ALIEN
11   SMUGGLING CASE THAT WASN'T A VEHICLE STOP.  IT WAS OUT IN THE
12   FIELD.  AND REALLY MY ONLY CONCERN ISN'T WHETHER OR NOT WE'RE
13   GOING TO DO THE DEPOSITIONS, BUT TO HAVE THIS COURT GRANT THE
14   AUTHORITY TO DO THE DEPOSITION OF ANY MATERIAL WITNESS WHO
15   MAY BE OUT ON BOND.  THAT'S THE ONLY CONCERN THAT THE
16   GOVERNMENT HAS.
17             THE COURT:  THERE ARE ADDITIONAL MATERIAL WITNESSES
18   OTHER THAN THE THREE THAT ARE BEING REPRESENTED BY
19   MR. GILMORE.
20             MR. GILMORE:  NO, AND SINCE THE LAST HEARING ONE
21   HAS BEEN RELEASED ON BOND AND WE'RE TRYING TO GET AT LEAST
22   ONE OF THE OTHER ONE'S OUT.  I CAN'T SAY THAT THEY WILL BE
23   RELEASED.
24             THE COURT:  WHICH ONE HAS BEEN RELEASED?
25             MR. GILMORE:  REESTIO (PHONETIC) VAZQUEZ-ROJAS.
```

1    THE COURT: OKAY. SIR, I APPRECIATE YOUR COMMENT
2  THAT PERHAPS THE DECLARATION OF MR. GILMORE DOESN'T GO INTO
3  EXCRUCIATING DETAIL ABOUT THE EFFORTS MADE BY THE MATERIAL
4  WITNESSES TO SECURE FUNDING FOR THE BOND, BUT I THINK IT'S
5  CERTAINLY SUFFICIENT AND IT DOES STATE THAT THEY SIMPLY
6  CANNOT LOCATE ANYONE TO POST BOND FOR THEM. INTERPRETED
7  BROADLY, IF THAT'S WHAT YOU'RE GETTING AT, THAT WOULD MEAN
8  ANYONE NEAR SAN DIEGO, CALIFORNIA, UNITED STATES, MEXICO OR
9  ANYWHERE ELSE. ALTHOUGH IT DOES APPEAR AT LEAST ONE PERSON
10 HAS BEEN ABLE, SINCE THIS DECLARATION WAS FILED ON THE 28TH
11 OF APRIL, TO FIND SOMEONE.
12   MR. GILMORE: WHICH WOULD BE ALL THE MORE REASON
13 THAT THE DEFENSE WILL HAVE A LIVE WITNESS AT TRIAL, IF
14 NECESSARY, AND ALL THE MORE REASON TO DEPOSE THE REMAINING
15 TWO THAT ARE IN CUSTODY OVER THREE MONTHS.
16   MR. SER: YOUR HONOR, MY ONLY NOTATION WASN'T SO
17 MUCH BASED ON INTENT TO FIND A SURETY, IT WAS REALLY POINTED
18 SOLELY AT WHETHER OR NOT THE MATERIAL WITNESSES CAN SHOW A
19 HARDSHIP REQUIRED TO JUSTIFY THE DEPOSITION, AND THAT'S WHY I
20 POINTED OUT THAT THE DECLARATION DOESN'T DISCUSS WHETHER
21 THOSE FAMILY MEMBERS REMAINING IN MEXICO HAVE ALTERNATE MEANS
22 OF SUPPORT. THE MATERIAL WITNESSES, WHEN THEY DEPART, I'M
23 GUESSING, THE HOME, AND TRAVEL AND MAKE THEIR WAY TO THE
24 UNITED STATES, UM, DON'T LEAVE THEIR MINOR CHILDREN AT HOME
25 BY THEMSELVES. I'M GUESSING THERE ARE OTHER ADULTS

1   SUPERVISING THE CHILDREN, WATCHING THEM AND MAKING SURE THEIR
2   DAILY NEEDS ARE MET.  BUT THERE IS NO INDICATION CRUCIALLY
3   THAT THOSE ADULTS SUPERVISING OR CARING FOR THE CHILDREN
4   CAN'T PROVIDE THE BASIC NECESSITIES BASED ON THEIR OWN
5   INCOME, THEIR OWN ASSETS, WHATEVER PROPERTY THEY MAY HAVE IN
6   TERMS OF PUTTING A ROOF OVER THEIR HEAD.  AND I DON'T THINK
7   NECESSARILY THE HARDSHIP HERE HAS BEEN DEMONSTRATED TO THE
8   EXTENT REQUIRED BY THE NINTH CIRCUIT.  CERTAINLY IN **TORRES**
9   THERE WAS AN INDICATION ABOUT SOLE INCOME IN THE HOME.  THERE
10  HAS BEEN NO IDENTIFICATION WHATSOEVER WHETHER OR NOT THE
11  MATERIAL WITNESSES REMAINING IN CUSTODY ARE SOLE PROVIDERS
12  FOR FAMILY MEMBERS REMAINING IN MEXICO, WHETHER THEY WERE THE
13  ONLY ONES WHO WORKED.  SO, IN THAT SENSE, MY POSITION WAS
14  THEY HADN'T MET THE THRESHOLD TO DEMONSTRATE THE HARDSHIP.
15           THE COURT:  MR. MILLER, YOU HAD INDICATED THAT THE
16  LAST TIME WE WERE HERE, AND AGAIN TODAY, THAT THIS IS NOT THE
17  TYPICAL RUN-OF-THE-MILL CASE, BUT GIVE ME A LITTLE MORE
18  FACTS, IF YOU CAN.
19           MR. MILLER:  IF YOU HAD REVIEWED THE AFFIDAVIT IN
20  SUPPORT OF THE COMPLAINT IN THIS CASE, WHAT HAD HAPPENED --
21           THE COURT:  I DID, BUT THAT WAS SOME TIME AGO.
22  REFRESH MY MEMORY.
23           MR. MILLER:  SO, THE BORDER PATROL WAS PATROLLING
24  AND THEY FOUND A GROUP OF ALIENS.  THESE ALIENS TOLD THE
25  BORDER PATROL THAT THEY HAD BEEN GUIDED INTO THE UNITED

1  STATES AND THAT WHEN -- THE PEOPLE WHO HAD BEEN GUIDING THEM
2  LEFT.  AND WHAT THE BORDER PATROL AGENTS DID IS THEY HAD
3  TRACKED THEM WITH FOOTPRINTS AND SIDE CUTTING THROUGH THE
4  WILDERNESS.  THEY HAD SEARCHED FOR A NUMBER OF HOURS FOR
5  PEOPLE AFTER HAVING FOLLOWED THE FOOTPRINTS THAT THE GROUP
6  HAD IDENTIFIED AS BELONGING TO THE TWO GUIDES THAT CROSSED
7  THEM IN.
8          THEY WERE NOT ABLE TO FIND THEM.  THE SUN CAME UP
9  AND THEN THE SCOPE OPERATOR RADIOED THOSE BORDER PATROL
10 AGENTS AND SAID THERE ARE TWO PEOPLE WHO WERE IN THAT AREA
11 THAT YOU WERE LOOKING FOR, WHICH YOU WERE TRACKING THAT
12 GROUPS POTENTIAL GUIDES, AND THEY ARE IN THIS AREA, AND THEY
13 HAVE A NICKNAME, I FORGET WHAT IT WAS.  I ALMOST REMEMBERED
14 WHAT IT WAS, BUT I COULDN'T STATE WHAT THE NICKNAME IS
15 ACCURATELY.
16         AND SO, THEN BORDER PATROL AGENTS WENT THERE AND
17 FOUND THE DEFENDANTS, AND THEN THEY COMPARED THE SOLES OF
18 THEIR SHOES AND RECOGNIZED THEM AS THE SAME PATTERN AS THE
19 GUIDES -- AS THE TRACK THAT THEY HAD BEEN TRACKING FROM THE
20 AREA WHERE THEY HAD APPREHENDED THE GROUP.
21         AND THEN, SUBSEQUENT TO THAT, THE MATERIAL
22 WITNESSES WERE INTERVIEWED, AND THEN, I BELIEVE, IN A PHOTO
23 LINEUP, IDENTIFIED THE DEFENDANTS AS THE PEOPLE WHO WERE
24 THEIR GUIDE AND WHO LEFT THE GROUP.  AND I THINK ALSO
25 INSTRUCTED THEM ON WHAT TO DO, TO STAY.

```
 1              THE COURT:  OKAY.  AND WHY WAS THE MOTION HEARING,
 2   WHICH WAS SET FOR A FEW DAYS AGO, CONTINUED?
 3              MR. MILLER:  THIS WAS FOR FURTHER DISPOSITION,
 4   ACTUALLY.
 5              MR. CARRIEDO:  THERE IS ALSO -- I DON'T MEAN TO
 6   INTERRUPT YOU, THERE WAS A REQUEST BY MR. FAKHOURY FOR SOME
 7   ADDITIONAL DISCOVERY OF THE GOVERNMENT THAT I'M NOT SURE IF
 8   IT'S GOING TO BE VOLUMINOUS, BUT THERE WAS SOME ADDITIONAL
 9   DISCOVERY THAT HE FELT WAS NECESSARY BEFORE HE COULD PROCEED
10   WITH THE MOTIONS.
11              MR. MILLER:  WHAT HAD BEEN REPRESENTED TO ME,
12   MR. FAKHOURY, WHAT HE WANTED, AND HE HAD NOT MADE THIS
13   SPECIFIC REQUEST TO ME UNTIL LAST MONDAY, THAT HE WANTED A
14   COLOR COPY OF THE PHOTO AND I DON'T HAVE THAT.
15              THE COURT:  OKAY.
16              MR. CARRIEDO:  AND I DO KNOW MR. FAKHOURY WAS OUT
17   OF THE OFFICE FOR A FEW WEEKS AND HE WAS BACK ON THE MONDAY
18   OF THE MOTION HEARING DATE.  MAYBE THAT'S WHY THE REQUEST
19   HADN'T BEEN MADE SPECIFICALLY.
20              THE COURT:  OKAY.  ALL RIGHT.  MR. GILMORE, MR. SER
21   MAKES THE ARGUMENT THAT THE DECLARATION THAT'S PROVIDED BY
22   YOU IS INADEQUATE TO SATISFY THE NINTH CIRCUIT DECISION IN
23   **TORRES-RUIZ**, IN THAT THERE IS NO INDICATION IN THE
24   DECLARATION THAT THERE WOULD BE ANY HARDSHIP SUFFERED BY THE
25   MATERIAL WITNESSES' FAMILIES BY THE CONTINUED DETENTION.
```

|    |                                                                                      |
|----|--------------------------------------------------------------------------------------|
| 1  | NOW, THAT'S SOMETHING THAT'S SAID IN **TORRES-RUIZ**.                                |
| 2  | I'M NOT SO SURE THAT THAT IS THE DETERMINATIVE FACTOR WHEN                           |
| 3  | YOU COMPARE ALL ALONG THE STATUTES AND THE RULES.  WHAT                              |
| 4  | APPEARS TO BE IMPORTANT, PERHAPS MORE SO THAN WITH THE                               |
| 5  | MATERIAL WITNESSES' FAMILY OR THE MATERIAL WITNESSES                                 |
| 6  | THEMSELVES, WOULD BE SUFFERING SUBSTANTIAL HARDSHIP IS                               |
| 7  | WHETHER THERE BE A FAILURE OF JUSTICE BY THE CONTINUED                               |
| 8  | DETENTION OF THESE MATERIAL WITNESSES THAT CAN'T BE SATISFIED                        |
| 9  | BY THE TAKING OF THE DEPOSITION.  AND I BELIEVE THAT THAT'S                          |
| 10 | THE MORE IMPORTANT FACTOR TO CONSIDER HERE.  AND SO, COULD                           |
| 11 | YOU ADDRESS THAT?                                                                    |
| 12 | MR. GILMORE:  THAT IS THE OVERRIDING CONCERN OF THE                                  |
| 13 | NINTH CIRCUIT, WHICH I QUOTED AT LENGTH IN MY POINTS AND                             |
| 14 | AUTHORITIES ABOUT THE TWO YOUNG MEN BEING THE SOLE SUPPORT                           |
| 15 | FOR THEIR RESPECTIVE FAMILIES.  I HAVE YET TO SEE ANY CASE                           |
| 16 | LAW THAT SAYS I NEED TO GET SOME KIND OF DEPOSITION FROM                             |
| 17 | THEIR MOTHERS AND FATHERS, AND DO THEY HAVE, I DON'T KNOW, A                         |
| 18 | COW IN THE BACKYARD THAT WOULD COUNT AS PROPERTY?  IT GETS                           |
| 19 | RIDICULOUS IF YOU START TO GO THAT FAR.  BUT AS FAR AS A                             |
| 20 | FAILURE OF JUSTICE GOES, WE'RE LOOKING AT CUSTODY.                                   |
| 21 | NOW THAT WE HAVE ONE OUT ON BOND, WE HAVE TWO YOUNG                                  |
| 22 | MEN WHO CAME HERE TO WORK BECAUSE THEIR FAMILIES NEEDED THE                          |
| 23 | INCOME.  THEY ARE HERE, BY THAT FACT ALONE, SHOULD INDICATE                          |
| 24 | THAT THEY CAME TO GET MONEY TO HELP THEIR FAMILIES, AND IT'S                         |
| 25 | A HARDSHIP TO THEIR FAMILIES WHEN THEY DON'T HAVE THE MONEY                          |

1  PROVIDED.

2  IT'S A FAILURE OF JUSTICE FOR THESE TWO GENTLEMEN
3  WHO HAVE NEVER BEEN CHARGED WITH THE CRIME, AND WHO WILL NOT
4  BE CHARGED WITH THE CRIME, TO HAVE BEEN IN CUSTODY SINCE
5  MARCH 25TH, SOLELY BECAUSE THEY DON'T HAVE A SURETY THAT CAN
6  STEP FORWARD AND PAY THEIR BOND. AND THAT'S WHAT THE BASIS
7  OF, NOT ONLY THE **TORRES-RUIZ** CASE, WHICH OVERRULED JUDGE HUFF
8  IN A VERY SIMILAR CASE, AND SET THE PRECEDENT HERE IN
9  CALIFORNIA, I CITED FIFTH CIRCUIT CASES.

10  THE BLACK LETTER LAW IS THAT IT WOULD BE A FAILURE
11  OF JUSTICE TO CONTINUE TO KEEP THEM. AND AS THE US ATTORNEY
12  SAYS IN THE COMPLAINT, BOTH THE WITNESSES WERE ARRESTED AT A
13  SAFE HOUSE AND IDENTIFIED THE DEFENDANTS AS THEIR GUIDES.
14  THAT TESTIMONY CAN CERTAINLY BE SECURED BY A DEPOSITION.
15  YES, THOSE WERE THE GUYS THAT LED US ACROSS.

16  SECONDLY, THE TESTIMONY THAT, YES, WE ARE ILLEGAL
17  ALIENS, THAT IS THE PRIME EVIDENCE THAT THE GOVERNMENT WOULD
18  NEED IN THESE TYPE OF CASES. IT'S NOT THAT UNUSUAL A CASE.

19  AND, OF COURSE, THERE IS A THIRD LIVE WITNESS WHO'S
20  ON BOND, WHO WOULD BE AVAILABLE TO TESTIFY AT TRIAL OR EVEN
21  TO INTERVIEW PRE-TRIAL, THROUGH DEPOSITIONS, SHOULD DEFENSE
22  OR PROSECUTION REQUIRE IT. BUT IT'S CLEARLY, UNDER THE LAW,
23  A FAILURE OF JUSTICE TO CONTINUE TO DETAIN THESE PEOPLE WHO
24  HAVE NOT BEEN CHARGED WITH ANY CRIME. THANK YOU.

25  MR. SER: YOUR HONOR, THE ONLY POINT, NO WHERE IN

| | |
|---|---|
| 1 | THE DECLARATION DOES IT SAY THIS IS THE SOLE, OR THESE MEN |
| 2 | ARE THE SOLE BREAD WINNERS AND SUPPORTERS FOR THEIR FAMILIES. |
| 3 | JUST THAT THEY WERE TRYING TO FIND WORK TO SUPPORT FAMILY |
| 4 | MEMBERS IN THAT THEY WERE THE SOLE MEANS OF SUPPORT FOR |
| 5 | ANYBODY, WHICH CERTAINLY WAS SOMETHING THAT THE COURT IN |
| 6 | **TORRES** TOOK UNDER CONSIDERATION AND EXPRESSLY DISCUSSED IN |
| 7 | THE OPINION IN TERMS OF DETERMINING OR BALANCING, AT LEAST, |
| 8 | THE NEEDS OF THE DEFENDANT VERSUS THE NEEDS OF THE MATERIAL |
| 9 | WITNESS IN THAT CASE IN ARRIVING AT THE ULTIMATE CONCLUSION. |
| 10 | SO, I DO THINK IT'S A FACT THAT THE COURT NEEDS TO TAKE INTO |
| 11 | CONSIDERATION HERE. |
| 12 | AND AS FOR SITTING IN CUSTODY, THE FACT OF THE |
| 13 | MATTER IS, IT ALWAYS HAS BEEN REPRESENTED IN THESE CASES, |
| 14 | THEY COULD BE CHARGED AS 1325 OR 1326 DEFENDANTS.  SO, THEIR |
| 15 | OWN WRONGDOING NECESSARILY SHOULD BE WEIGHED AS WELL IN TERMS |
| 16 | OF DETERMINING WHETHER THEY SHOULD OR SHOULDN'T BE DEPOSED IN |
| 17 | THE MATTER. |
| 18 | THE COURT:  HAVE YOU, MR. CARRIEDO, OR YOU, |
| 19 | MR. SER, LOOKED AT THE MATERIAL WITNESS DEPOSITION ORDER THAT |
| 20 | HAS BEEN PROVIDED TO THE COURT? |
| 21 | MR. SER:  I HAVE NOT HAD AN OPPORTUNITY TO DO IT, |
| 22 | YOUR HONOR. |
| 23 | THE COURT:  IT APPEARS TO ME TO BE THE STANDARD |
| 24 | ORDER THAT I SEE FROM TIME TO TIME IN THESE KIND OF CASES. |
| 25 | MR. GILMORE:  IT'S EVEN ON THE WEBSITE. |

| | |
|---|---|
| 1 | MR. SER:  AS LONG AS THE ORDER -- I WILL LET YOUR |
| 2 | HONOR FINISH. |
| 3 | THE COURT:  NO, GO AHEAD. |
| 4 | MR. SER:  I HAVEN'T SEEN THE RECENT -- I DON'T KNOW |
| 5 | IF THIS IS AN OLD ORDER OR RECENT ORDER, BUT I KNOW IN THE |
| 6 | PAST THE PRIMARY CONCERN WE HAVE ALWAYS HAD, IF THE COURT'S |
| 7 | GOING TO SIGN THE ORDER, IS THAT THE LENGTH AND THE AMOUNT OF |
| 8 | TIME THAT MR. FAKHOURY OR MR. CARRIEDO WOULD HAVE TO BRING A |
| 9 | MOTION TO RE-DEPOSE OR DELAY SOME SORT OF RELEASE FROM |
| 10 | CUSTODY AFTER THE DEPOSITION.  THE CONCERN OBVIOUSLY IS IF |
| 11 | THE DEPOSITION GOES ALL DAY, WE END THE DEPOSITION, OR |
| 12 | MR. CARRIEDO AND MR. FAKHOURY END THE DEPOSITION AFTER YOUR |
| 13 | HONOR HAS LEFT THE BENCH, AND BUSINESS WITH THE COURT HAS |
| 14 | BEEN CONCLUDED FOR THE DAY, THAT THIS DOESN'T LEAVE ANY |
| 15 | OPPORTUNITY FOR DEFENSE COUNSEL TO COME BACK TO YOUR HONOR TO |
| 16 | REQUEST EITHER A SECOND DEPOSITION AND A DELAY BASED ON |
| 17 | WHATEVER WAS LEARNED AT THE TIME OF THE DEPOSITION. |
| 18 | SO, AS LONG AS THE PROPOSED ORDER YOUR HONOR IS |
| 19 | GOING TO SIGN IT SOMEHOW AFFORDS THAT OPPORTUNITY FOR |
| 20 | MR. FAKHOURY TO COME BACK, SAY IN 24 HOURS, AND EXTEND THE |
| 21 | RELEASE ONE DAY, I'M FAMILIAR WITH THE ORDERS THAT HAVE BEEN |
| 22 | USED, THAT WOULD BE FINE WITH THAT LANGUAGE. |
| 23 | MR. GILMORE:  YOUR HONOR, IF I MAY, I THINK IT'S |
| 24 | THE LAST PARAGRAPH OR TWO OF THE ORDER WHICH IS TAKEN OFF THE |
| 25 | COURT WEBSITE, PROVIDES COUNSEL 24 HOURS IN WHICH TO SCHEDULE |

1   A HEARING IF THEY OBJECT TO THE RELEASE OF THE WITNESS AFTER
2   THE DEPOSITION HAS CONCLUDED.
3            MR. SER:  AS LONG AS THAT'S INCLUDED, THAT'S FINE,
4   YOUR HONOR.
5            THE COURT:  THAT'S WHAT, PARAGRAPH 18, WHICH IS THE
6   FINAL PARAGRAPH, IT INDICATES AND IT'S EVEN UNDERLINED HERE.
7            MY INCLINATION A MONTH OR SO AGO WHEN WE FIRST
8   HEARD THIS HAS NOW RIPENED INTO SOMETHING I FEEL THAT OUGHT
9   TO BE GRANTED, THE MOTION TO DEPOSE THESE WITNESSES OUGHT TO
10  BE GRANTED.
11           I BELIEVE RULE 15, FEDERAL RULES OF CRIMINAL
12  PROCEDURE, TITLE 18, SECTION 3144, AND THE CASE LAW ALL POINT
13  TO THE GRANTING OF THIS REQUEST TO DEPOSE THESE MATERIAL
14  WITNESSES, EVEN ABSENT A STATEMENT IN THE DECLARATION THAT
15  THESE MATERIAL WITNESSES ARE THE SOLE SUPPORT.  NOW, WHY I
16  THINK THAT WAS A FACTOR IN **TORRES-RUIZ**, I DON'T BELIEVE THAT
17  THAT WAS THE DETERMINATIVE FACTOR.  AND SO, THE MOTION TO
18  TAKE THE DEPOSITION OF THESE TWO REMAINING IN CUSTODY --
19  ACTUALLY, ALL THE MATERIAL WITNESSES, EVEN THE ONE THAT'S OUT
20  ON BOND, IS HEREBY GRANTED.
21           NOW, LET'S TALK ABOUT A DATE.  YOU MENTIONED
22  TUESDAY OR THURSDAY OF NEXT WEEK, MR. GILMORE?
23           MR. GILMORE:  THAT'S FINE WITH ME, AND I BELIEVE IT
24  WAS OKAY WITH ONE OF COUNSEL.  I WASN'T SURE.
25           MR. CARRIEDO:  I COULD DO IT ON THURSDAY OF NEXT

```
 1   WEEK.  I HAVE A FEW HEARINGS THAT DAY, I HAVE TO GET PEOPLE
 2   TO COVER FOR ME ON SOME HEARINGS IN FEDERAL COURT.
 3           THE COURT:  MR. SER, DO YOU HAPPEN TO HAVE
 4   MR. FAKHOURY'S CALENDAR?
 5           MR. SER:  I HAVE MY CALENDAR, BUT HE GAVE ME GOOD
 6   AND BAD DATES, AS LONG AS IT'S NOT THE WEEK OF THE 21ST OR
 7   28TH, IT WOULD BE FINE.  THE ONLY CONCERN, AND I'M NOT SO
 8   FAMILIAR WITH THIS THAT I WOULD BE SURE, I DON'T KNOW WHAT
 9   THE STATUS OF THE DISCOVERY BEING PROVIDED IS.  OBVIOUSLY WE
10   WOULD WANT THAT BEFORE THE DEPOSITION SO MR. FAKHOURY CAN
11   REVIEW THAT AND INCORPORATE THAT INTO HIS QUESTIONS, IF
12   NECESSARY.
13           THE COURT:  MR. MILLER, HAS THAT DISCOVERY BEEN
14   PROVIDED?
15           MR. MILLER:  NO, IT HAS NOT BEEN PROVIDED YET.
16           THE COURT:  THAT'S JUST, WHAT, THE COLOR
17   PHOTOGRAPH, IS THAT THE ADDITIONAL --
18           MR. MILLER:  THAT'S THE REQUEST.
19           MR. SER:  NEXT THURSDAY SHOULDN'T BE A PROBLEM AS
20   SOON AS HE GETS THE COLOR PHOTOGRAPH TO MR. FAKHOURY, BEFORE
21   THAT.
22           MR. CARRIEDO:  I WOULD LIKE TO POINT OUT, YOUR
23   HONOR, ON FRIDAY THE 18TH, I AM NOT AVAILABLE.
24           THE COURT:  OKAY.  SO, YOU'RE CONTEMPLATING IF THIS
25   SHOULD SPILL OVER INTO THE FOLLOWING DAY?
```

```
 1              MR. CARRIEDO:  THAT'S CORRECT.
 2              THE COURT:  MR. MILLER, IS THE 17TH OF JUNE, NEXT
 3    THURSDAY, AVAILABLE TO YOU?
 4              MR. MILLER:  YES.
 5              THE COURT:  ALL RIGHT.  MR. GILMORE, THAT'S
 6    AVAILABLE TO YOU?
 7              MR. GILMORE:  YES, SIR.
 8              THE COURT:  I WOULD PROPOSE STARTING THIS AT 9:00
 9    A.M.
10              MR. GILMORE:  THAT WOULD BE FINE.
11              MR. MILLER:  YES.
12              THE COURT:  EVERYBODY IS IN AGREEMENT ON THAT?  ALL
13    RIGHT.  IF FOR SOME REASON THE DEPOSITION GOES ON THROUGHOUT
14    THE DAY ON THURSDAY AND CAN'T CONCLUDE BY THE TIME NECESSARY
15    TO GET THE MATERIAL WITNESSES BACK AT THE END OF THE DAY, I
16    SUPPOSE WE WOULD HAVE TO FIND ANOTHER TIME TO CONCLUDE THE
17    MATERIAL WITNESSES BECAUSE MR. CARRIEDO HAS REPRESENTED HERE
18    TODAY THAT HE SIMPLY IS UNAVAILABLE ON THE FOLLOWING DAY, THE
19    18TH.  I WOULD HOPE THAT THE DEPOSITIONS COULD CONCLUDE IN
20    THAT SINGLE DAY AND PROBABLY SHOULD, BUT I DON'T KNOW ALL THE
21    FACTS OF THE CASE, AND SO I'M NOT GOING TO PRESUME AND I'M
22    CERTAINLY NOT GOING TO LIMIT --
23              MR. GILMORE:  I WOULD BE AVAILABLE OBVIOUSLY -- THE
24    NEXT AVAILABLE DAY WOULD BE MONDAY OR TUESDAY OF THE
25    FOLLOWING WEEK IS GOOD WITH ME, IF WE COULD RESOLVE THAT
```

```
 1    ISSUE RIGHT HERE?
 2         MR. SER:  THAT DOESN'T WORK FOR MR. FAKHOURY.  HE'S
 3    IN TRIAL.
 4         THE COURT:  THAT'S RIGHT.  THE FOLLOWING WEEK HE'S
 5    UNAVAILABLE.
 6         MR. CARRIEDO:  I'M IN TRIAL THE FOLLOWING WEEK IN
 7    FRONT OF JUDGE BURNS.
 8         THE COURT:  ALL RIGHT.  HERE'S WHAT I'M GOING TO
 9    DO, DO THE BEST YOU CAN TO GET IT ALL DONE.  KEEP YOUR
10    QUESTIONS CONCISE AND RELEVANT, MATERIAL TO THE FACTS OF THE
11    CASE AND THE ISSUES, AND THERE'S PROBABLY NO REASON WHY IT
12    CAN'T ALL CONCLUDE IN ONE DAY.  KEEP YOUR BREAKS SHORT, AND
13    PRESS ON.  AT THE END OF THE DAY IF YOU ARE NOT FINISHED, I
14    WOULD HOPE THAT THE PARTIES CAN AGREE, WHILE THEY SIT THERE,
15    TO A FOLLOW-ON DAY TO CONCLUDE THE DEPOSITIONS.  BEYOND THAT,
16    I'M NOT GOING TO MAKE AN ORDER FOR THE FOLLOWING WEEK BECAUSE
17    MR. FAKHOURY IS IN TRIAL, MR. CARRIEDO IS IN TRIAL, AND I
18    THINK EVEN THE WEEK OF THE 28TH YOU INDICATED, MR. SER, THAT
19    MR. FAKHOURY IS UNAVAILABLE, MAYBE FOR THE SAME REASON, I'M
20    NOT SURE.
21         MR. SER:  HE HAS BACK-TO-BACK TRIALS FOR TWO WEEKS.
22         THE COURT:  OKAY.  SO, LET'S DO -- IF YOU CAN'T
23    RESOLVE IT, IF FOR SOME REASON IT DOES SPILL OVER TO THE
24    FOLLOWING DAY AND YOU CAN'T RESOLVE IT, THEN I'M SURE I WILL
25    HEAR ABOUT IT AND WE'LL GET BACK TOGETHER.
```

|   |   |
|---|---|
| 1 | MR. GILMORE:  THANK YOU, YOUR HONOR. |
| 2 | THE COURT:  DO WHAT YOU CAN.  SO, HANG ON HERE. |
| 3 | I'M GOING TO ENTER THE ORDER THAT SAYS, "SHALL BE DEPOSED ON |
| 4 | JUNE 17, 2010, AT 9:00 A.M."  MR. MILLER, YOU'RE FAMILIAR |
| 5 | WITH THE ORDER, SO YOU KNOW WHAT RESPONSIBILITIES THE US |
| 6 | ATTORNEY'S OFFICE HAS IN GETTING THE MATERIAL WITNESSES |
| 7 | THERE, THE DEFENDANTS THERE, THE VIDEOGRAPHER AND THE WHOLE |
| 8 | BIT.  SO, I'M NOT GOING TO REPEAT ALL THAT.  YOU'LL HAVE THE |
| 9 | ORDER. |
| 10 | MR. CARRIEDO:  AND THE COURT'S ORDER IS FOR ALL |
| 11 | THREE MATERIAL WITNESSES? |
| 12 | THE COURT:  YES, INCLUDING THE ONE THAT'S OUT ON |
| 13 | BOND.  NOW, IF FOR SOME REASON THE ONE WHO'S OUT ON BOND |
| 14 | DOESN'T APPEAR, THEN WE'LL HAVE TO DEAL WITH THAT WHEN THAT |
| 15 | HAPPENS.  BUT I'M LESS CONCERNED WITH THAT PERSON AT THIS |
| 16 | MOMENT.  BUT THE ORDER IS, IS THAT THAT PERSON SHOULD BE |
| 17 | DEPOSED TOO.  ANYTHING FURTHER? |
| 18 | MR. GILMORE:  NO, YOUR HONOR.  THANK YOU FOR YOUR |
| 19 | CONCERN.  I APPRECIATE IT. |
| 20 | THE COURT:  OKAY. |
| 21 | (WHICH WERE ALL THE PROCEEDINGS |
| 22 | HELD IN THE ABOVE ENTITLED CAUSE.) |
| 23 |   |
| 24 |   |
| 25 |   |

CERTIFICATE OF REPORTER

COUNTY OF SAN DIEGO     )
                        ) SS.
STATE OF CALIFORNIA     )

I, MELISSA A. PIERSON, OFFICIAL COURT REPORTER, REGISTERED PROFESSIONAL REPORTER, IN AND FOR THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT I REPORTED, STENOGRAPHICALLY, THE FOREGOING PROCEEDINGS AT THE TIME AND PLACE HEREINBEFORE SET FORTH; THAT THE SAME WAS THEREAFTER REDUCED TO TYPEWRITTEN FORM BY MEANS OF COMPUTER-AIDED TRANSCRIPTION; AND I DO FURTHER CERTIFY THAT THIS IS A TRUE AND CORRECT TRANSCRIPTION OF MY STENOGRAPHIC NOTES.


DATE: 4-26-11

S:/MELISSA A. PIERSON
MELISSA A. PIERSON, CSR 12499 RPR
FEDERAL OFFICIAL COURT REPORTER