1    UNITED STATES OF AMERICA
     UNITED STATES DISTRICT COURT
2    SOUTHERN DISTRICT OF CALIFORNIA

3                    - - -
4       HONORABLE THOMAS J. WHELAN
     UNITED STATES DISTRICT JUDGE PRESIDING
5                    - - -

6   UNITED STATES OF AMERICA,   )
                                )
7           PLAINTIFF,          )
                                )
8   VS.                         ) NO. 10CR1372W
                                )
9   JONATHAN LEAL-DEL CARMEN,   )
                                )
10          DEFENDANT.          )
    _____)
11

12

13                **SENTENCING**
          REPORTER'S TRANSCRIPT OF PROCEEDINGS
                **MARCH 14, 2011**
14            SAN DIEGO, CALIFORNIA

15

16
          MELISSA A. PIERSON, CSR 12499, RPR
17         FEDERAL OFFICIAL COURT REPORTER
            940 FRONT STREET, ROOM 3155
18          SAN DIEGO, CALIFORNIA 92101
                PH:  (619)702-7508
19          PIERSON1121@SBCGLOBAL.NET

20

21

22

23

24

25

```
1    APPEARANCES OF COUNSEL:

2    ON BEHALF OF PLAINTIFF:
             LAURA E. DUFFY
3            UNITED STATES ATTORNEY
             BY:  MR. STEPHEN MILLER, ESQ.
4            ASSISTANT UNITED STATES ATTORNEYS
             880 FRONT STREET
5            FIFTH FLOOR
             SAN DIEGO, CA 92101
6

7    ON BEHALF OF DEFENDANT:
             FEDERAL DEFENDERS OF SAN DIEGO
8            BY:  MR. HANNI M. FAKHOURY, ESQ.
             225 W. BROADWAY
9            ST. 900
             SAN DIEGO, CA 92101
10           (619) 234-8467

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1          MADAM CLERK:  10CR1372, UNITED STATES OF AMERICA

2   VERSUS JONATHAN LEAL-DEL CARMEN, ON FOR SENTENCING.

3          MR. FAKHOURY:  GOOD MORNING, YOUR HONOR, HANNI

4   FAKHOURY, FEDERAL DEFENDERS, FOR MR. LEAL-DEL CARMEN.  HE IS

5   IN CUSTODY AND SHOULD BE OUT MOMENTARILY.

6          THE COURT:  GOOD MORNING, SIR.

7          MR. MILLER:  STEVE MILLER FOR THE UNITED STATES.

8          THE COURT:  GOOD MORNING, SIR.

9          MR. FAKHOURY:  YOUR HONOR, MR. LEAL-DEL CARMEN IS

10  NOW PRESENT BEFORE THE COURT, IN CUSTODY.  HE IS BEING

11  ASSISTED BY THE COURT CERTIFIED INTERPRETER AND WE ARE READY

12  TO PROCEED THIS MORNING.

13         THE COURT:  DO YOU WAIVE ARRAIGNMENT FOR JUDGMENT

14  AND SENTENCE?

15         MR. FAKHOURY:  YES, YOUR HONOR.

16         THE COURT:  IS THERE ANY LEGAL CAUSE NOT TO

17  PROCEED?

18         MR. FAKHOURY:  NO, YOUR HONOR.

19         THE COURT:  I HAVE READ AND CONSIDERED THE

20  PRE-SENTENCE REPORT, THE DEFENDANT'S OBJECTION TO THE

21  PRE-SENTENCE REPORT, THE ADDENDUM TO THE PRE-SENTENCE REPORT,

22  THE DEFENDANT'S SENTENCING MEMORANDUM, THE GOVERNMENT'S

23  SENTENCING MEMORANDUM, THE GOVERNMENT'S SENTENCING SUMMARY

24  CHART.

25         BY WAY OF TENTATIVE, I AGREE WITH THE PROBATION

1   DEPARTMENT AND THE GOVERNMENT THAT THE PLUS THREE ADJUSTMENT

2   FOR THE NUMBER OF ALIENS DOES APPLY.  THE EVIDENCE AT TRIAL

3   INDICATED THERE WERE APPROXIMATELY 12 ALIENS BEING BROUGHT

4   INTO THE COUNTRY DURING THE COURSE OF HIS UNDERLYING CONDUCT

5   IN THIS OFFENSE.

6          I ALSO AGREE THE DEFENDANT'S NOT ENTITLED TO A

7   DOWNWARD ADJUSTMENT FOR ACCEPTANCE.  HE CONTINUES TO DENY HIS

8   GUILT.  HE TOLD THE PROBATION OFFICER HE DIDN'T BRING ANY

9   ALIENS INTO THE COUNTRY.  HE'S CONTENDED AT TRIAL HE WAS

10  FACTUALLY INNOCENT AND HE STILL MAINTAINS THAT POSITION.  SO,

11  HE TRULY HASN'T ACCEPTED RESPONSIBILITY.

12         WITH REGARD TO A DEPARTURE OR THE DISPARITY

13  ARGUMENT MADE BY MR. FAKHOURY WITH REGARD TO HIS

14  CO-DEFENDANT, I DON'T FIND THERE WOULD BE ANY DISPARITY IN

15  SENTENCING.  I'D NOTE THAT HIS CO-DEFENDANT ACCEPTED

16  RESPONSIBILITY.  HE PLEAD GUILTY TO ONE COUNT WHEREAS

17  MR. LEAL-DEL CARMEN WAS CONVICTED OF THREE COUNTS AND DENIES

18  ANY CULPABILITY WHATSOEVER.

19         HOWEVER, I THINK THE LOW END OF THE GUIDELINE RANGE

20  AS RECOMMENDED BY THE PROBATION DEPARTMENT IS SUFFICIENT.  I

21  DON'T THINK THE GOVERNMENT'S RECOMMENDATION OF THE HIGH END

22  IS NECESSARY TO GET HIS ATTENTION.  I WILL LISTEN TO

23  EVERYBODY.

24         MR. FAKHOURY:  THANK YOU VERY MUCH, YOUR HONOR.  MY

25  REQUEST, YOUR HONOR, IS ON A TIME SERVED SENTENCE ON THE

1   THREE REMAINING COUNTS ALL TO BE SERVED CONCURRENTLY.  I KNOW

2   THE COURT IS VERY FAMILIAR WITH THIS CASE HAVING SAT THROUGH

3   THE TRIAL.  FOR MR. LEAL, THIS EXPERIENCE HAS BEEN VERY MUCH

4   AN EYE OPENING ONE FOR HIM.  THIS IS THE FIRST TIME MR. LEAL

5   HAS EVER BEEN IN JAIL.  IT'S THE FIRST TIME HE HAS EVER BEEN

6   CONVICTED OF A FELONY CRIME.  IT'S THE FIRST TIME HE HAS EVER

7   FACED ANY SORT OF IMMIGRATION REPERCUSSIONS IN THE SENSE THAT

8   HE'LL LIKELY FACE A FORMAL DEPORTATION HEARING.  AND I THINK

9   MOST IMPORTANTLY, HE UNDERSTANDS THAT IF HE RETURNS TO THE

10   UNITED STATES WITH THIS CONVICTION ON HIS RECORD, HE IS

11   SUBJECT TO A 16-LEVEL ENHANCEMENT IF HE IS APPREHENDED AND

12   PROSECUTED UNDER SECTION 1326.

13         AND ALL OF THAT, YOUR HONOR, I THINK, GOES BACK TO

14   MY RECOMMENDED SENTENCE, WHICH IS, A TIME SERVED SENTENCE IS

15   ENOUGH TO GET MR. LEAL'S ATTENTION THAT HE IS NOT TO RETURN

16   TO THE UNITED STATES GIVEN HIS IMMIGRATION STATUS.

17         I KNOW THAT THE COURT'S OVERRULED MY OBJECTIONS TO

18   PSR.  I JUST WANTED TO STRESS ONE POINT, YOUR HONOR, AND THAT

19   IS MR. LEAL HAS ALWAYS ACCEPTED RESPONSIBILITY FOR THE FACT

20   HE ILLEGALLY ENTERED THE UNITED STATES.  THAT HIS ENTRY INTO

21   THIS COUNTRY WAS INAPPROPRIATE, IT WAS ILLEGAL AND IT WAS

22   IMPROPER.

23         WITH RESPECT, YOUR HONOR, TO CONTESTING HIS

24   INNOCENCE OR GUILT, YOUR HONOR, I JUST WANTED TO REMIND THE

25   COURT THAT ULTIMATELY MR. LEAL WAS ACQUITTED ON THREE OUT OF

1    THE SIX COUNTS.  SO, THERE WAS AT LEAST, YOU KNOW, A GOOD

2    FAITH BASIS TO CONTEST THOSE CHARGES.  THIS WAS NEVER AN

3    ATTEMPT BY HIM TO WASTE THE COURT'S TIME OR DRAG THE PROCESS

4    OUT LONGER THAN IT NEEDED TO.

5            I THINK A TIME-SERVED SENTENCE IS APPROPRIATE.

6    IT'S LONGER THAN THE SENTENCE HIS CO-DEFENDANT SERVED BECAUSE

7    OBVIOUSLY THE TWO WERE ARRESTED ON THE SAME DAY AND MR. GOMEZ

8    HAS ALREADY BEEN RELEASED FROM CUSTODY.  SO, MR. LEAL IS

9    SERVING EXTRA TIME BECAUSE HE DID NOT PLEAD GUILTY.  BUT I

10   WOULD NOTE ALSO MR. GOMEZ, THE CO-DEFENDANT, DID NOT PLEAD

11   GUILTY ON IN THIS CASE.  HE DID PLEAD THE WEEK BEFORE TRIAL

12   AFTER THE MATERIAL WITNESSES DEPOSITION HAD BEEN CONCLUDED,

13   WHICH HE WAS PRESENT, AFTER THERE HAD BEEN MOTION HEARINGS IN

14   FRONT OF YOUR HONOR.

15           I CAN CERTAINLY APPRECIATE THAT MR. GOMEZ DID SAVE

16   GOVERNMENT RESOURCES AND TIME, BUT NOT TO THE EXTENT OF

17   SOMEONE WHO PLEAD GUILTY DURING A FAST TRACK STAGE OR BEFORE

18   ANY RESOURCES HAD BEEN SPENT ON THE CASE.

19           SO, THE GOVERNMENT HAD SPENT RESOURCES AND TIME ON

20   PROSECUTING MR. GOMEZ.  HE RECEIVED A BENEFIT FOR THAT

21   BECAUSE HE HAS ALREADY BEEN RELEASED.  MR. LEAL IS STILL HERE

22   IN CUSTODY, OBVIOUSLY, BUT I THINK IMPOSING ANY LONGER

23   SENTENCE IS NOT NECESSARY TO CONVINCE HIM THAT HIS ENTRY INTO

24   THE UNITED STATES, HIS ACTION IN THIS CASE WERE

25   INAPPROPRIATE, ILLEGAL AND HE CAN'T RETURN TO THIS COUNTRY.

```
1              I DON'T THINK WE ARE GOING TO SEE MR. LEAL AGAIN.
2      I THINK HE HAS HAD ENOUGH TIME IN CUSTODY TO KNOW THAT THIS
3      IS NOT HOW HE WANTS TO SPEND THE REST OF HIS LIFE.  HE IS AN
4      OLDER INDIVIDUAL.  HE SPENT MOST OF HIS LIFE WORKING AND
5      BEING A LAW ABIDING CITIZEN.  HE DID LEAVE HERE IN THE UNITED
6      STATES ILLEGALLY FOR A PERIOD OF TIME, BUT HE NEVER REALLY
7      ENGAGED IN MUCH CRIMINAL CONDUCT APART FROM A MISDEMEANOR FOR
8      DRIVING WITHOUT A DRIVER'S LICENSE.  HE WAS NEVER AN
9      INDIVIDUAL WHO ENGAGED IN VIOLENT BEHAVIOR OR HAD ANY ISSUES
10     WITH DRUGS OR ALCOHOL.  I THINK THE COURT CAN GIVE HIM A
11     CHANCE, GIVE HIM TIME SERVED ON ALL COUNTS TO RUN CONCURRENT.
12     ON THAT, THE MATTER IS SUBMITTED.
13              THE COURT:  THANK YOU.  MR. MILLER.
14              MR. MILLER:  YOUR HONOR, THE GREAT DISTINCTION
15     BETWEEN THIS DEFENDANT AND THE CO-DEFENDANT WAS DEMONSTRATED
16     IN THE MATERIAL WITNESS DEPOSITIONS.  AND YOU CAN DEDUCE THAT
17     IT WAS THE CONTENTS OF THAT EVIDENCE INDUCED DURING THE
18     DEPOSITIONS THAT JUSTIFIED THE DISPOSITION.
19              IN THE DEPOSITIONS, THIS IS THE DEFENDANT THAT THE
20     MATERIAL WITNESSES IDENTIFIED AS MEETING HIM IN MEXICO.  NOT
21     JUST AT THE BORDER, BUT AT TIJUANA, RIDING THE BUS, WHERE
22     THEY THEN WENT TO A GAS STATION AND MET ANOTHER GROUP WHERE
23     THE DEFENDANT WAS POINTED OUT AS THE PERSON WHO WAS GOING TO
24     COORDINATE THIS OTHER GROUP.
25              HE TRIES TO CHARACTERIZE THIS AS I'M JUST AN
```

1    UNDOCUMENTED ALIEN WHO'S DOING THIS FOR THE FIRST TIME.

2    WELL, UNDER THE CIRCUMSTANCES, THIS DEFENDANT WAS NECK DEEP

3    INTO AN ORGANIZATION THAT WAS COORDINATING THE GATHERING, THE

4    SOLICITING, THE TRANSPORTATION OF ALIENS INTO THE UNITED

5    STATES.  THAT THE DEFENDANT WAS ACQUITTED OF THE THREE

6    COUNTS, THOSE WERE THREE YEAR MINIMUM MANDATORY COUNTS FOR

7    DOING THIS FOR PROFIT.

8            AND REALLY HIS CONDUCT THERE IS NO FUNCTIONAL

9    DIFFERENCE BETWEEN WHAT HE WAS ACQUITTED AND WHAT HE DID.

10   THE DEFENDANT, BY ALL RIGHTS, SHOULD BE SERVING FIVE YEARS IN

11   PRISON BECAUSE OF THE EXTENT OF WHAT HE WAS DOING.

12           IN THIS CASE THIS COURT IS IMPLYING TO GIVE HIM THE

13   LOW END.  THIS GOVERNMENT IS RECOMMENDING THE HIGH END, BUT

14   THAT'S BECAUSE UNLIKE SOME GUY WHO HAPPENS TO BE IN A GROUP

15   AND SAYS HEY, WHY DON'T YOU TAKE GUYS ACROSS THE FENCE, THIS

16   GUY, THIS PARTICULAR DEFENDANT, WAS MEETING THE PEOPLE,

17   SOLICITING THE PEOPLE, RIDING WITH THE PEOPLE, AND THEN WHEN

18   HE GOT TO A LOCATION, PREVIOUS GROUPS HAD ALREADY COORDINATED

19   TO MEET WITH THAT GUY, THIS DEFENDANT, IN ORDERED TO GUIDE

20   THEM INTO THE UNITED STATES.  AND WHERE THEY GATHERED WAS

21   AWARE -- WELL AWAY FROM THE FENCE.

22           SO, ONCE THEY GATHERED AT THE GAS STATION, HE'S THE

23   ONE THAT TOOK THEM UP THROUGH THE HINDER LANDS INTO THE

24   UNITED STATES.  AND THIS IS THE MAN THAT SAID YOU ALL STAY

25   HERE, WHILE HE AND THE DEFENDANTS WENT AND HID IN ORDER TO

1    AVOID APPREHENSION.

2            THIS ISN'T LIKE THE SITUATION WHERE THE DEFENDANT

3    WOKE UP ONE DAY AND SAID, I'M THINK I'M GOING TO COME TO THE

4    UNITED STATES.  THIS MAN HAS BEEN INVOLVED IN IT FOR A LONG

5    TIME AND HE WAS THE LEADING VOICE IN TRANSPORTING THESE

6    ALIENS.

7            THE COURT:  THANK YOU.  MR. LEAL, IS THERE ANYTHING

8    YOU WANT TO SAY, SIR?  YOU DON'T HAVE TO SAY ANYTHING BUT YOU

9    CAN IF YOU WANT TO.  IT'S ENTIRELY UP TO YOU, SIR.

10           THE DEFENDANT:  ALL I AM SAYING IS THAT, YES, I

11   MADE A MISTAKE BY COMING INTO THIS COUNTRY ILLEGALLY.  I

12   NEVER BROUGHT IN PEOPLE, BUT THE MAN STANDING NEXT TO ME SAYS

13   THAT I AM TRAFFICKING, BUT I'VE NEVER CAUSED ANY HARM.  I

14   HAVEN'T EVEN -- BUT, YEAH, IT IS UP TO YOU, YOUR HONOR, TO

15   MAKE THE DECISION AS TO MY CASE.

16           THE COURT:  ALL RIGHT.  THANK YOU, SIR.  ANYTHING

17   FURTHER, MR. FAKHOURY?

18           MR. FAKHOURY:  YOUR HONOR, THE ONLY THING, I WOULD

19   OBJECT TO -- I WOULD OBJECT TO ANY USE OF ACQUITTED CONDUCT

20   JUSTIFY OR INCREASE MR. LEAL'S SENTENCE.  AND WITH THAT, YOUR

21   HONOR, THE MATTER IS SUBMITTED.  AND I WOULD RECOMMEND

22   PLACEMENT IN THE WESTERN REGION.

23           THE COURT:  I CLEARLY WILL NOT AT ALL CONSIDER THE

24   FINANCIAL GAIN COUNTS WHICH HE WAS ACQUITTED.

25           MR. FAKHOURY:  THANK YOU, YOUR HONOR.

1          THE COURT:  FIRST, JUST TO RESPOND BRIEFLY, YOUR

2     CLIENT, AS YOU ARE AWARE, WASN'T CHARGED WITH ILLEGAL ENTRY.

3     I KNOW HE ADMITS THAT HE ILLEGALLY ENTER THE UNITED STATES.

4     BUT WHAT HE WAS CHARGED WITH WAS ALIEN SMUGGLING,

5     SPECIFICALLY WITH BEING A FOOT GUIDE.  THE JURORS CONVICTED

6     HIM OF ALL THREE COUNTS OF BEING A FOOT GUIDE IN THE ALIEN

7     SMUGGLING VENTURE.  THE EVIDENCE, IN THE COURT'S MIND,

8     CLEARLY SUPPORTS THEIR VERDICT.  THEREFORE, I STILL THINK

9     THAT THE LOW END OF THE GUIDELINE RANGE IS A SUFFICIENT

10    SENTENCE.

11          I DON'T THINK THERE IS ANY NEED TO TREAT HIM MORE

12    HARSHLY BECAUSE OF THE FACT HE WENT TO TRIAL.  I DON'T TREAT

13    DEFENDANTS HARSHLY FOR GOING TO TRIAL.  HE'S A CRIMINAL

14    HISTORY CATEGORY ONE.  WHETHER OR NOT HE HAS DONE THIS FOR A

15    CONSIDERABLE PERIOD OF TIME, AS THE GOVERNMENT SUGGESTS, I

16    DON'T KNOW.  BUT I'M NOT SENTENCING HIM AS IF HE HAS DONE IT

17    FOR A CONSIDERABLE PERIOD OF TIME.  I'M JUST SENTENCING HIM

18    ON THE CONDUCT FOR WHICH HE STANDS CONVICTED.

19          SO, IN THIS MATTER, THE COURT FINDS THAT THE BASE

20    OFFENSE LEVEL FOR ADVISORY PURPOSES UNDER THE GUIDELINES THE

21    BASE OFFENSE LEVEL IS 12.  BECAUSE OF THE NUMBER OF ALIENS

22    BEING BETWEEN SIX AND TWENTY-FOUR, SPECIFICALLY THE NUMBER OF

23    ALIEN BEING 12, THE BASE OFFENSE LEVEL IS INCREASED BY THREE.

24    HE HAS A CRIMINAL HISTORY SCORE OF ZERO, A CRIMINAL HISTORY

25    CATEGORY OF ONE.  THE RESULTING GUIDELINE RANGE WOULD BE FROM

1    18 TO 24 MONTHS.  MINDFUL OF THE FACT THAT THE STATUTORY

2    MAXIMUM FOR EACH COUNT HE WAS CONVICTED OF, SPECIFICALLY

3    COUNTS TWO, FOUR AND SIX, IS THE SAME STATUTORY MAXIMUM BEING

4    TEN YEARS.  REVIEWING THE CRITERIA SET FORTH IN TITLE 18,

5    SECTION 3553(A), I FIND THE LOW END OF THE ADJUSTED GUIDELINE

6    RANGE WOULD BE A SUFFICIENT SENTENCE BUT NOT GREATER THAN

7    NECESSARY.

8            THEREFORE, PURSUANT TO THE SENTENCING REFORM ACT OF

9    1984, IT WOULD BE THE JUDGMENT AND SENTENCE OF THIS COURT

10   THAT THE DEFENDANT BE AND HEREBY IS COMMITTED TO THE CUSTODY

11   OF THE BUREAU OF PRISONS FOR A TERM OF IMPRISONMENT OF 18

12   MONTHS.  THIS TERM IS IMPOSED CONCURRENTLY AS TO COUNTS TWO,

13   FOUR AND SIX.

14           FOLLOWING YOUR RELEASE FROM CUSTODY, YOU WOULD ON

15   SUPERVISED RELEASE FOR A PERIOD OF THREE YEARS, MR. LEAL.  I

16   WILL IMPOSE ALL THE STANDARD TERMS AND CONDITIONS OF

17   SUPERVISION AND JUST ONE SPECIAL CONDITION.  THE SPECIAL

18   CONDITION, SIR, YOU'RE NOT TO ILLEGALLY ENTER THE UNITED

19   STATES FOR THE THREE YEARS YOU ARE ON SUPERVISED RELEASE.

20           THE STATUTORY FIND IS NOT IMPOSED DUE TO HIS

21   INABILITY TO PAY.  I WILL IMPOSE THE MANDATORY SPECIAL

22   ASSESSMENT OF $100 PER COUNT FOR A TOTAL OF $300 IN SPECIAL

23   ASSESSMENTS.

24           MR. LEAL, LET ME ADVISE YOU OF YOUR APPELLATE

25   RIGHTS.  YOU HAVE AN ABSOLUTE RIGHT TO APPEAL FROM THE

```
 1    JUDGMENT OF THE COURT IN IMPOSING THE SENTENCE ON YOU TODAY.

 2    THAT MEANS IF YOU WISH TO APPEAL, YOU MUST FILE A WRITTEN

 3    NOTICE OF YOUR INTENT TO APPEAL WITHIN 14 DAYS OF THE DATE

 4    JUDGMENT IS ENTERED.  THAT NOTICE MUST BE IN WRITING AND

 5    SIGNED BY, YOUR ATTORNEY OR BOTH OF YOU.  IT MUST SPECIFY

 6    WHAT IT IS YOU ARE APPEALING FROM, WHETHER IT IS FROM THE

 7    WHOLE JUDGMENT OR JUST PART OF THE JUDGMENT.  IF YOU DO

 8    APPEAL, YOU HAVE A RIGHT TO A COMPLETE TRANSCRIPT OF THE

 9    TRIAL PROCEEDINGS.  IF YOU APPEAL AND DO NOT HAVE THE

10    FINANCIAL ABILITY TO RETAIN THE SERVICES OF AN ATTORNEY TO

11    REPRESENT YOU ON APPEAL, THE APPELLATE AUTHORITIES WILL FIND

12    COUNSEL TO REPRESENT YOU.

13              IN THAT REGARD IT IS YOUR OBLIGATION TO KEEP THE

14    APPELLATE AUTHORITIES ADVISED AT ALL TIMES OF YOUR CURRENT

15    ADDRESS SO THEY CAN BE IN TOUCH WITH YOU TO ADVISE YOU OF

16    YOUR APPOINTED COUNSEL.  DO YOU UNDERSTAND WHAT I JUST TOLD

17    YOU, SIR?

18              THE DEFENDANT:  YES.

19              THE COURT:  DO YOU UNDERSTAND THAT UNLESS YOU FILE

20    YOUR WRITTEN NOTICE OF YOUR INTENT TO APPEAL IN THIS COURT

21    AND NOT THE APPELLATE COURT, WITHIN 14 DAYS OF THE DATE

22    JUDGMENT IS ENTERED, YOU LOSE THAT APPELLATE RIGHT FOREVER?

23              THE DEFENDANT:  YES.

24              THE COURT:  DO YOU HAVE ANY QUESTIONS YOU WANT TO

25    ASK ME ABOUT YOUR APPELLATE RIGHTS?
```

```
 1              MR. FAKHOURY:  CAN I SPEAK TO MR. LEAL?
 2              THE COURT:  SURE.  GO RIGHT AHEAD.
 3              MR. FAKHOURY:  HE UNDERSTANDS YOUR APPEAL RIGHTS,
 4      YOUR HONOR.
 5              THE COURT:  DO YOU UNDERSTAND YOUR RIGHTS, SIR?
 6              THE DEFENDANT:  YES.
 7              THE COURT:  ALL RIGHT.  DO YOU REQUEST THE WESTERN
 8      REGION, MR. FAKHOURY?
 9              MR. FAKHOURY:  YES, YOUR HONOR.
10              THE COURT:  I WILL RECOMMEND HE BE HOUSED IN THE
11      WESTERN REGION.  GOOD LUCK, MR. LEAL.
12              MR. FAKHOURY:  THANK YOU, YOUR HONOR.
13              THE DEFENDANT:  THANK YOU.
14              THE COURT:  YOU'RE WELCOME, SIR.
15              MR. FAKHOURY:  THREE YEARS SUPERVISED RELEASE FOR
16      EACH COUNT?
17              THE COURT:  CONCURRENT, YES.
18                  (WHICH WERE ALL THE PROCEEDINGS
19                  HELD IN THE ABOVE ENTITLED CAUSE.)
20
21
22
23
24
25
```

```
 1                    CERTIFICATE OF REPORTER

 2

 3    COUNTY OF SAN DIEGO       )

 4                              )  SS.

 5    STATE OF CALIFORNIA       )

 6

 7    I, MELISSA A. PIERSON, OFFICIAL COURT REPORTER, REGISTERED

 8    PROFESSIONAL REPORTER, IN AND FOR THE UNITED STATES DISTRICT

 9    COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, DO HEREBY

10    CERTIFY THAT I REPORTED, STENOGRAPHICALLY, THE FOREGOING

11    PROCEEDINGS AT THE TIME AND PLACE HEREINBEFORE SET FORTH;

12    THAT THE SAME WAS THEREAFTER REDUCED TO TYPEWRITTEN FORM BY

13    MEANS OF COMPUTER-AIDED TRANSCRIPTION; AND I DO FURTHER

14    CERTIFY THAT THIS IS A TRUE AND CORRECT TRANSCRIPTION OF MY

15    STENOGRAPHIC NOTES.

16

17

18    DATE:  5-6-11

19

20    S:/MELISSA A. PIERSON

21    MELISSA A. PIERSON, CSR 12499 RPR

22    FEDERAL OFFICIAL COURT REPORTER

23

24

25
```